**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

LONDELL BARNARD WILLIAMS, JR.,

    Petitioner,

v.

    Case No. 1:18-CV-13073
    Honorable Thomas L. Ludington

MARK MCCULLICK,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Londell Barnard Williams, Jr., ("Petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, Petitioner challenges his conviction for three counts of assault with intent to rob while armed, Mich. Comp. Laws § 750.89, eight counts of armed robbery, Mich. Comp. Laws § 750.529, and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner alleges that he was denied the effective assistance of counsel at trial and at sentencing and that the evidence was insufficient to convict him. For the reasons stated below, the petition for a writ of habeas corpus will be dismissed without prejudice.

**I.**

Petitioner was convicted following a jury trial in the Genesee County Circuit Court.

Petitioner, through counsel, filed an application for leave to appeal in the Michigan Court of Appeals. Petitioner's appellate counsel raised the following claims:

> Mr. Williams' attorney pursued plea offers instead of preparing for trial and sacrificed Mr. Williams' due process right to a fair and separate trial. Counsel failed to present available defenses and failed to request an instruction on duress. He failed to exclude unfairly prejudicial evidence of marginal probative value. Finally, counsel failed to allocate and address mitigating factors at sentencing. Counsel's failures permeated the proceedings below, causing the jury to find Mr. Williams guilty by association and causing the court to sentence Mr. Williams harsher than his co-defendant. This Court must reverse to correct this deprivation of Mr. Williams' state and federal rights to the effective assistance of counsel, or at minimum, remand for an evidentiary hearing.

(ECF No. 8-16, PageID.1366).

Petitioner also filed a *pro se* supplemental brief on appeal before the Michigan Court of Appeals.[1] Petitioner raised the following claim:

> The evidence is legally insufficient to sustain Mr. Williams' convictions of armed robbery and assault with intent to commit armed robbery; alternatively, the verdict is against the great weight of the evidence; it would be a denial of due process and a miscarriage of justice to allow defendant's conviction to stand. U.S. Const. Am. XIV.

(ECF No. 8-16, PageID.1588).

Petitioner's conviction was affirmed by the Michigan Court of Appeals. *People v. Williams*, No. 328521, 2017 WL 104540 (Mich. Ct. App., Jan. 10, 2017).

Petitioner, through counsel, filed an application for leave to appeal to the Michigan Supreme Court, in which he raised the following claim:

> Mr. Williams' attorney pursued plea offers instead of preparing for trial and sacrificed Mr. Williams' due process right to a fair and separate trial. Counsel failed to present available defenses and failed to request an instruction on duress. He failed to exclude unfairly prejudicial evidence of marginal probative value. This Court must reverse the decision below to correct this deprivation of Mr. Williams' state and federal rights to the effective assistance of counsel.

---

[1] Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry,* 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

(ECF No. 8-17, PageID.1677).

Significantly, Petitioner did not raise his sufficiency of evidence claim in his application for leave to appeal to the Michigan Supreme Court, nor did he raise any claim involving the ineffective assistance of counsel at sentencing.

The Michigan Supreme Court denied Petitioner leave to appeal. *People v. Williams*, 901 N.W.2d 623 (Mich. 2017).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Mr. Williams was denied his constitutional right to the effective assistance of counsel and denied his Fifth and Fourteenth Amendment rights to due process of law when trial counsel pursued plea offers instead of preparing for trial. Counsel failed to present available defenses and failed to request an instruction on duress. He failed to exclude unfairly prejudicial evidence of marginal probative value. Finally, counsel failed to allocute and address mitigating factors at sentencing. Counsel's failures permeated the proceedings below, causing the jury to find Mr. Williams guilty by association and causing the court to sentence Mr. Williams more harshly than his codefendant.

II. Mr. Williams was denied his Fifth and Fourteenth Amendment rights to due process when the evidence was legally insufficient to sustain Mr. Williams' convictions of armed robbery and assault with intent to commit armed robbery. Alternatively, the verdict is against the great weight of the evidence.

**II.**

Respondent in its answer argues that petitioner's sufficiency of evidence claim and his claim alleging the ineffective assistance of counsel at sentencing are subject to dismissal because they were not properly exhausted with the state courts. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both

- 3 -

state appellate courts, even where the state's highest court provides only discretionary review. *See Regan v. Hoffner,* 209 F. Supp. 2d 703, 710, n. 3 (E.D. Mich. 2002)(citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999)). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)); *Regan v. Hoffner,* 209 F. Supp. 2d at 710, n. 3. In the present case, the petition is subject to dismissal because two of petitioner's claims have not been properly exhausted with the state courts.

Petitioner raised his sufficiency of evidence claim and his claim involving the ineffective assistance of counsel at sentencing before the Michigan Court of Appeals, but he did not raise them in his subsequent application for leave to appeal to the Michigan Supreme Court. A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D. Mich.2002); *Regan v. Hoffner,* 209 F. Supp. 2d at 710, n. 3. Because Petitioner failed to raise these claims before the Michigan Supreme Court as part of the direct appeal process, the two claims are unexhausted. *See e.g. Rupert v. Berghuis,* 619 F. Supp. 2d 363, 367 (W.D. Mich. 2008).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams*

- 4 -

*v. Holland,* 330 F.3d 398, 401 (6th Cir. 2003). Petitioner could exhaust his claims by filing a post-conviction motion for relief from judgment under Michigan Court Rule 6.500 with the Genesee County Circuit Court. *See Wagner v. Smith,* 581 F.3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Although a federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims, *see Rhines v. Weber,* 544 U.S. 269 (2005), petitioner fails to allege cause for his failure to properly exhaust his unexhausted claims. Therefore, the Court will dismiss the petition without prejudice rather than hold it in abeyance. *See e.g. Jones v. Rapelje,* No. 2:08-CV-13286, 2009 WL 2143819, at *2 (E.D. Mich. July 13, 2009); *Phillips v. Burt,* No. 2:08-13032, 2009 WL 646651, at *3 (E.D. Mich. Mar. 10, 2009); *Atkins v. Metrish*, No. 06–12420, 2007 WL 2812302, at *3 (E.D. Mich. Sept. 26, 2007).

However, there is an equitable remedy available to Petitioner. In *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id*. The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of

Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

In this case, Petitioner promptly filed his petition for a writ of habeas corpus. Petitioner's claims are not plainly meritless. According, the equitable tolling timing solution, as well as the safeguards approved by the Sixth Circuit in *Hargrove*, will be adopted. The petition will be dismissed without prejudice. The one-year limitations period will be tolled from September 25, 2018 (the date Petitioner filed his petition) until Petitioner returns to federal court.[2] This tolling of the limitations period is contingent upon Petitioner pursuing his state remedies and complying with the conditions indicated below in Section IV of this opinion.

### III.

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that Petitioner had failed to exhaust an available state court remedy with respect to his claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2001).

---

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on September 25, 2018, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

## IV.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from September 25, 2018, the date that Petitioner filed his habeas application, until the time petitioner returns to federal court to pursue habeas corpus relief, provided that Petitioner pursues his state remedies within sixty days of the date of this order and files a new habeas petition in the federal court within thirty days of the completion of his state post-conviction proceedings.

It is further **ORDERED** that the Court declines to issue a certificate of appealability or leave to proceed *in forma pauperis* on appeal.

Dated: July 31, 2020

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Londell B. Williams, Jr.** #850393, ST. LOUIS CORRECTIONAL FACILITY, 8585 N. CROSWELL ROAD, ST. LOUIS, MI 48880 by first class U.S. mail on July 31, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager